LALLY and another, Appellants, vs. ROSSMAN and another, Respondents.

82 147
109 341

*March 25 — April 12, 1892.*

*Public lands: Lot bounded by watercourse: Evidence: Stipulation.*

1. A section intersected by a river having been surveyed and sold in lots instead of regular subdivisions, the patentee of a lot which, according to the plat, is bounded by the river takes not merely to the meander line but to the river itself, provided that in so doing he does not take beyond the next eighth line of the section.

2. Copies of the government plat, survey, and field notes kept in the office of the commissioners of public lands are admissible in evidence when certified by the chief clerk of the land office. S. & B. Ann. Stats. sec. 4151*a*.

3. A party who has stipulated that the jury shall find in their verdict all the facts which certain evidence tended to prove, cannot object on appeal that such evidence was inadmissible or did not establish such facts.

APPEAL from the Circuit Court for *Ashland* County.

Trespass for cutting and removing a quantity of pine timber from plaintiffs' lands. The defendants, by their answer, claimed title to the lands from which the timber was cut.

The land from which the timber was cut was in section 30, township 42 N., of range 3 E., in Ashland county. This section is intersected by the Flambeau river, and was surveyed and sold in lots instead of regular subdivisions. The controversy here arises principally from the fact that the actual location of the river and its location as meandered and as indicated upon the government plat differ very widely. The map on the next page shows this difference.

This map is a substantially correct copy of the government plat, so far as the land in controversy is concerned, except that the stream marked " River as actually located " does not appear upon the government map. Plaintiffs

proved title from the United States to lot 5 in said section, according to the official plat and survey. Defendants proved title in like manner to lot 7.

Upon the trial the jury found, in reply to special questions, that the defendants cut and removed 185,000 feet of timber from what would be (if the section were regularly subdivided) the northwest quarter of the southeast quarter of said section, north of the river as actually located; that defendants cut 2,800 feet of timber on lot 5, north of the meandered line as indicated on the plat; and that the value of the logs per thousand was $6.25. Upon this verdict the

circuit judge held that the plaintiffs were entitled to recover only for the value of the 2,800 feet of timber cut from that part of lot 5 north of the meandered line, for which sum, with costs, judgment was entered. Plaintiffs appealed from the judgment, claiming that they were entitled to judgment for the value of the entire 185,000 feet.

For the appellants there was a brief signed by *Raymond, Lamoreux & Park*, attorneys, and *Lamoreux, Gleason, Shea & Wright*, of counsel, and the cause was argued orally by *B. B. Park* and *E. F. Gleason*.

For the respondents there was a brief by *Rossman & Foster*, and oral argument by *Geo. P. Rossman*.

WINSLOW, J. It is plain that there is but one question of importance in the case, and that is the question as to the southern boundary of lot 5. If that boundary be the old meandered line of the river, the judgment below was right. If, on the other hand, that boundary be the eighth line between the northwest quarter of the southeast quarter and southwest quarter of the southeast quarter, then the plaintiff should have recovered the value of the 185,000 feet of lumber cut.

It is well settled that in government grants meander lines are not boundaries, but the water course itself is the boundary. *Whitney v. Detroit L. Co.* 78 Wis. 240, and cases cited. The *Whitney Case* is decisive of this case, and leaves little to be said. In that case it was held that where a lake was named as a boundary, and no lake in fact existed, the boundary must be the next eighth line. Applying that rule to this case, it is evident that plaintiffs' southern boundary is the eighth line, except where the river extends north of this line. Not finding their river boundary as called for by the patent, they may go in search of it to the next eighth line, but there they must stop.

Some minor questions were raised by respondents, which

Lally and another vs. Rossman and another.

contain no merit. It is said that the appeal was premature, because the costs were not taxed until after the appeal was taken. The record shows a judgment in due form, with costs taxed and inserted, November 23, 1891. The appeal was taken and perfected December 2, 1891. There is nothing in the record to show that the judgment was not complete and final when this appeal was taken.

It is said that the copies of the government plat, survey, and field notes were not properly proven, the certificate being that of the chief clerk of the land office, when it should have been made by the secretary of state. As to this objection: *First.* The certificate was sufficient, under ch. 20, Laws of 1879; S. & B. Ann. Stats. sec. 4151a.[1] *Second.* Defendants stipulated that the jury should find in their verdict, in substance, all the facts which the plat, survey, and field notes tended to prove. Doubtless further good reasons might be found to sustain the ruling, but these seem ample. The second reason above given applies also to the objection that the survey of the actual location of the river was not accurately made.

No new trial is necessary. The facts have all been determined.

*By the Court.*— Judgment reversed, and cause remanded with directions to render judgment for plaintiffs for $1,156.25, with interest and costs.

---

[1] Sec. 4151a, S. & B. Ann. Stats., provides: "1. The copy from any record, book, report, survey, map, field notes, plat, or other paper required by law to be kept in the office of the commissioners of public lands, when certified by the chief clerk of said land department, under the official seal of said commissioners, shall be received in evidence with the same effect as the original."— REP.